IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GEORGE ASHLEY,  §
    Petitioner,  §
 §
v.  §  Civil Action No. 4:15-CV-472-O
 §
LORIE DAVIS, Director,[1]  §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,  §
    Respondent.  §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, George Ashley, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On August 31, 2011, in the 396th District Court of Tarrant County, Texas, Case No. 1215205D, a jury found Petitioner guilty of delivery of a controlled substance, cocaine, and, on September 1, 2011, the trial court found the sentence-enhancement paragraph true and assessed Petitioner's punishment at thirty years' confinement. Adm. R., Clerk's R. 62, ECF No. 12-5. Petitioner appealed his conviction, but the Eighth District Court of Appeals of Texas affirmed the trial's court judgment on April 24, 2013. *Id.*, Op. 14, ECF No. 12-2. Petitioner was granted an extension of time to file a petition for discretionary review until July 23, 2013, but he did not do so.

_____

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Texas Department of Criminal Justice, Correctional Institutions Division. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

*Id.*, Notice of Court of Criminal Appeals, ECF No. 12-1. On July 15, 2014, Petitioner filed a state

habeas application challenging his conviction, which was denied by the Texas Court of Criminal

Appeals on October 15, 2014, without written order on the findings of the trial court.[2] *Id.,* WR-

82,042-01, 22, ECF No. 12-15 & Action Taken, ECF No. 12-14. Petitioner filed a second state

habeas application on May 10, 2015, which was dismissed by the Texas Court of Criminal Appeals

on July 29, 2015, as successive. *Id.*, WR-82,042-02, 18, ECF No. 12-17 & Action Taken, ECF No.

12-16. This federal habeas petition challenging his conviction was filed on June 24, 2015.[3] Pet. 10,

ECF No. 3. In five grounds, Petitioner claims that he received ineffective assistance of trial and

appellate counsel and that his rights under the confrontation clause were violated. *Id.* at 6-7.

Respondent contends the petition is untimely under the federal one-year statute of limitations in 28

U.S.C. § 2244(d)(1). Resp't's Answer 9-12, ECF No. 13.

## II.  LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-

year statute of limitations for filing a petition for federal habeas corpus by a person in state custody.

Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitations period shall run from the latest of–

---

[2]A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not state the date he placed the documents in the prison mailing system, however the "Inmate's Declaration" in the first application was signed by Petitioner on July 15, 2014, and in the second was signed by Petitioner on May 10, 2015. Therefore, the applications are deemed filed on those dates.

[3]A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the federal petition, Petitioner asserts that the document was placed in the prison mailing system on June 24, 2015. Pet. 10, ECF No. 1. Therefore, the petition is deemed filed on that date.

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable here, the limitations period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final on July 23, 2013, upon expiration of the time that Petitioner had for filing a petition for discretionary review, triggering limitations, which expired one year later on July 23, 2014.[4] *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before July 23, 2014, absent any tolling.

Petitioner's first state habeas application pending 93 days, operated to toll the limitations period under the statutory provision through Monday, October 27, 2014. 28 U.S.C. § 2244(d)(2).

---

[4]May 30, 2015, was a Saturday.

3

However, Petitioner's second state habeas application filed on May 10, 2015, after limitations had already expired, did not operate to further toll the limitations period. Therefore, Petitioner's federal petition filed on June 24, 2015, is untimely, unless he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner did not file a reply to Respondent's answer or make any effort to demonstrate that he was prevented in some extraordinary way from asserting his rights in state or federal court. Nor does he produce new evidence in an attempt to show he is actually innocent of the offense. *Schlup v. Delo,* 513 U.S. 298, 329 (1995). Consequently, Petitioner's federal petition was due on or before October 27, 2014. His petition filed on June 24, 2015, is therefore untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 11th day of January, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**